## Hicks v. Commonwealth.

(Decided September 28, 1923.)

## Appeal from Graves Circuit Court.

1. Criminal Law—Misconduct of Prosecuting Attorney Held not Prejudicial Error.—A remark by prosecuting attorney, when a witness unfriendly to prosecution gave unsatisfactory answers, "I want to enter a motion to dismiss this indictment and to proceed against this witness for false swearing," was improper, but was not prejudicial error where the court, without ruling upon the motion, diplomatically asked the witness a question which again started off the interrogation, and no motion was made by the attorney for accused to discharge the jury and to continue the case.

2. Intoxicating Liquors—Accused Held Guilty of Unlawful "Transportation."—One who drove into the country with others and obtained a small amount of whiskey and sat on the rear seat, passed the liquor around several times, and left it on the floor of the machine, was guilty of unlawful transportation, though he had less than a pint of liquor.

J. C. SPEIGHT for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Hicks, insists upon a reversal of a judgment of guilty against him on two grounds: (1) Misconduct of the Commonwealth's attorney; (2) the verdict is against the evidence.

He was convicted of transporting liquor. When the Commonwealth called its witness, Cephus West, he gave evasive answers to questions asked by the Commonwealth's attorney and manifested an unfriendliness toward the prosecution. After asking several questions and receiving unsatisfactory answers the attorney for the Commonwealth became vexed and stated to the court: "I want to enter a motion to dismiss this indictment and to proceed against this witness for false swearing." Without ruling upon this motion the court diplomatically asked the witness a question which again started off the interrogation. This was in the presence and hearing of the jury. Appellant did not object, but afterwards by counsel announced that he consented to the dismissal of the indictment, and further that he had no objection to a proceeding against the witness for false swearing, adding, "but to go before the jury when a witness is testifying and announce that he wants to dismiss; that he is going to proceed against the witness—that amounts to intimidation." This conduct was unbecoming on the part of the attorney for the Commonwealth, but it was not such prejudicial error as to warrant a reversal of the judgment in view of what took place. There was no motion made by the attorney for appellant to discharge the jury and continue the case. Appellant waived the error by his silence.

The second ground for reversal is even less meritorious than the first. Appellant and the witness West, with two or three more young men, drove an automobile some ten or twelve miles into the country to get whiskey. They found it and the witness as well as appellant each obtained a small quantity in a bottle. Appellant sat on the rear seat of the automobile with some of the other boys. He received his part of the liquor and after passing it around, either carried it on his person or set it on the floor of the machine. The witness handled his liquor in about the same way, so far as we can judge from the evidence. It is the contention of appellant that

inasmuch as he was riding in the automobile he did not transport the liquor, but insisted that it was transported by the car which was driven by the witness; that both he and his liquor were transported by the car. This of course is literally true, but it does not measure up to the spirit of the statute, which is directed at persons carrying liquor from place to place for beverage purposes. According to appellant's argument one cannot be guilty who has a pint of liquor on his person while riding in a railroad train or in the automobile of his neighbor. We apprehend that the legislature in enacting the statute intended to punish persons who carry liquor in such manner, even though they do not walk to do so. Appellant had charge of the whiskey in the automobile. He had it in his hands part of the time and part of the time it was on the floor of the car, according to his evidence. At all events he was in control of it, and within the meaning and spirit of the statute was transporting it. The evidence substantially manifested this fact. There was, therefore, sufficient evidence to warrant the verdict. No error appearing the judgment is affirmed.

Judgment affirmed.